UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| CYNTHIA A. LOWERY, )<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>THE GREATER CHATTANOOGA PUBLIC )<br>TELEVISION CORPORATION, d/b/a/ WTCI 45, )<br>    *Defendant*. ) | No. 1:07-cv-238<br><br>Collier\Carter |

MEMORANDUM AND ORDER

I. Introduction

Plaintiff Cynthia Lowery's motion to amend her complaint to add Barbara Dadswell as a plaintiff (Doc. 6) in the instant action asserting claims brought under the Fair Labor Standards Act (FLSA) is pending. For the reasons stated herein, plaintiff's motion is GRANTED.

II. Background

Plaintiff's complaint states, "[t]his is an action to redress systemic violations of the Fair Labor Standards Act, as amended." (Complaint, ¶). Specifically, plaintiff seeks to recover overtime pay allegedly due her while employed by the defendant, the Greater Chattanooga Public Television Corporation, d/b/a WTCI 45 (WTCI), as Membership Director. She was employed with the defendant for approximately six years until her termination in April 2007. According to her complaint, plaintiff routinely worked more than 40 hours per week, but she was treated as a salaried or exempt employee for purposes of overtime when, in fact, she did not meet the salaried basis or duties test required by white collar exemptions for overtime pay under the FLSA. (Complaint, ¶¶ 4-8). Although plaintiff was theoretically paid on a "salaried basis," plaintiff's

salary or vacation accrual was routinely docked based upon the quantity of her work. (Complaint, ¶ 7). The plaintiff brings this action on behalf of herself and "all similarly situated employees" under 29 U.S.C. § 216(b) of the FLSA. (Complaint, ¶¶ 9-11).

Plaintiff now moves to amend her complaint to add Barbara Dadswell as a plaintiff. The Proposed Amended Complaint states that Ms. Dadswell was employed by WTCI as the Corporate Account Executive and later as the Special Events Coordinator. (Proposed Amended Complaint, ¶ 5). The Proposed Amended Complaint also alleges "[t]his is an action to redress systemic violations of the Fair Labor Standards Act, as amended." (Complaint, ¶ 3). The Proposed Amended Complaint further alleges both Lowery and Dadswell routinely worked more than 40 hours per week, but WTCI improperly treated them as salaried or exempt employees for purposes of paying overtime under the FLSA. (Proposed Amended Complaint, ¶¶ 6-8). Although plaintiffs were theoretically paid on a "salaried basis," plaintiffs' salary or vacation accrual was routinely docked based upon the quantity of their work. (Proposed Amended Complaint, ¶ 7.) Neither plaintiff met the salaried basis or duties test required by white collar exemptions under the FLSA, and plaintiff Dadswell did not meet the salary amount requirement. (Proposed Amended Complaint, ¶ 8). Plaintiffs allege on behalf of themselves and all similarly situated employees that WTCI unlawfully classified them and others similarly situated as exempt from overtime payments and that they are entitled to overtime pay for overtime worked. (Complaint, ¶¶ 9-10).

Ms. Lowery originally relied upon Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 20(a) (permissive joinder) as authority to support her motion to add Ms. Dadswell as a plaintiff to this case. (*See* Plaintiff's memorandum, Doc. 7). However, in her reply brief, the plaintiff argued the

court should also consider the standard set forth in Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Because plaintiff had not raised this argument in her original brief, I ordered the parties to address this argument in supplemental briefing, and they have done so.

## II. Analysis

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides in relevant part that an action may be brought for violations of the FLSA "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Section 216(b) is the vehicle by which representative actions may be brought under the FLSA. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006) ("Section 216(b) establishes two requirements for a representative action..."). In a representative action, also called a collective action, under the FLSA, persons on whose behalf an action is brought must be similarly situated to the named plaintiffs and give their written consent to join in or "opt-in" to the lawsuit. *Id.* at 546.

The Fifth Circuit in *Allen v. Atlantic Richfield Co.*, 724 F.2d 1131 (5th Cir. 1984) provides a helpful and persuasive discussion about the difference between a named plaintiff and an "opt-in" plaintiff in an FLSA action. In *Allen*, the defendant argued that an FLSA action should be dismissed for lack of jurisdiction because none of the named plaintiffs to the FLSA action had provided written consent as required by Section 216(b). The *Allen* Court rejected this argument, however, finding that each of the named plaintiffs was asserting his own claim in his own behalf and therefore the requirements of Section 216(b) did not apply:

3

> It is clear that a plaintiff does not need to file a written consent if an individual action is maintained. He or she is the named plaintiff. In this case, each claimant is a named plaintiff. This suit consists of a number of individual actions, not a collective or class action subject to sections 16(b) and 256 [of the FLSA]. The twenty-two plaintiffs through their lawyer alleged individual causes of action and sought individual relief in the form of individual damage claims. None of the individual plaintiffs sought to represent others of the named plaintiffs as well as themselves. These twenty-two named plaintiffs, then, have simply joined their actions as permitted by Fed.R.Civ.P. 20(a); their causes of action arose out of the same series of transactions or occurrences. Although in their complaint plaintiffs stated that they sought to represent "other similarly situated Atlantic Richfield employees," the action never evolved into a collective or class action since no unnamed plaintiff ever came forward and filed a written consent to the suit, asking to be made a party plaintiff. The only parties to the suit were named plaintiffs represented by the lawyer who signed the complaint.

*Allen*, 724 F.2d at 1135 (brackets added). In the instant case, the current plaintiff, Cynthia Lowery, is not attempting to bring this action on behalf of herself *and* Barbara Dadswell. Rather, Ms. Lowery moves to amend her complaint to add Barbara Dadswell as a named plaintiff in the case. If allowed, Ms. Dadswell will be asserting her claim on her own behalf. Accordingly, Section 216(b) which addresses representative actions under the FLSA is not implicated by the current motion to amend the complaint.

Having concluded that Section 216(b) does not apply in determining whether Barbara Dadswell should be allowed to join this action as a plaintiff, I turn to the more familiar standards set forth in Fed. R. Civ. P. 15(a), 16, and 20(a).

Fed. R. Civ. P. 15(a) provides that "leave to amend shall be freely given where justice so requires." Under Rule 15(a), leave to amend is appropriate "in absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc..." *Leary v. Daeschner*, 349 F.3d

888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court must also consider the plaintiff's motion in light of Fed. R. Civ. P. 16(b). *Leary*, 349 F.3d at 909. Rule 16 provides the district judge shall enter a scheduling order that, *inter alia*, limits the time to join other parties and amend the pleadings.[1] Rule 16(b); *Leary*, 349 F.3d at 906. "The Rule is designed that at some point both the parties and the pleadings shall be fixed, [and] [t]he Rule permits modification of the scheduling order upon a showing of good cause and by leave of the district judge." *Leary*, 349 F.3d at 906 (internal citation omitted); *see also* Rule 16(b). Where a party moves to amend the pleadings after the deadline established by the Scheduling Order, that party must show good cause to allow the amendment. *Leary*, 349 F.3d at 906; *Gardner v. Wayne County*, 2007 WL 2325065 *2 (E.D. Mich. Aug. 15, 2007); *Kaylor v. Radde*, 2005 WL 282851 * 2 (N.D. Ohio Mar. 4, 2005). Since no scheduling order has yet been entered in this case, allowing the amendment would not run afoul of Rule 16(b).

Finally, the court must consider the plaintiff's motion in light of the permissive joinder rule, Fed. R. Civ. P. 20(a), since the plaintiff seeks to add Barbara Dadswell as a plaintiff with

---

[1] Rule 16(b) states in relevant part:

the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
(1) to join other parties and to amend the pleadings....

\*       \*       \*

A schedule shall not be modified except upon a showing of good cause and by leave of the district judge....

5

her own FLSA claim against the defendant.

Fed. R. Civ. P. 20(a) provides in relevant part:

**(a) Persons Who May Join or Be Joined.**

**(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:

**(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all plaintiffs will arise in the action.

\*    \*    \*

**(3)** *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

The purpose of Rule 20(a) is to promote judicial economy and trial convenience. *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 230 (M.D. Tenn. 2001) (*citing Mosely v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). It is governed by the general principle to allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (joinder of claims, parties and remedies is strongly encouraged). ["P]ermissive joinder rests with the sound discretion of the district court." *Ohio v. Louis Trauth Dairy, Inc.*, 856 F. Supp. 1229, 1239 (S.D. Ohio 1994).

The District Court in *Bridgeport Music*, 202 F.R.D. at 231-32 aptly set forth the parameters within which the district court may join parties and claims or sever them:

Permissive joinder is circumscribed ... by the dual requirements of a common question and transactional relatedness. *See Mosley*, 497 F.2d at 1333. The first of these, the common question test, is usually easy to satisfy. See 4 James Wm. Moore et al., *Moore's Federal Practice*, ¶ 20.04 (3d ed.1999). The transactional test, however, is more forbidding. It requires that, to be joined, parties must assert rights, or have rights asserted against them, that arise from

6

related activities--a transaction or an occurrence or a series thereof. *See, e.g.*, [Michaels Bldg. Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir.1988)](#) (finding that a loan made to the plaintiff by one defendant was unrelated to loans made to the plaintiff by other defendants and that joinder was therefore improper); [Demboski v. CSX Transp., Inc., 157 F.R.D. 28, 29-30](#) (S.D.Miss.1994) (holding that four separate railway accidents involving the same defendant did not constitute a series of occurrences); [Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 496 (D.N.J.1998)](#) (severing a plaintiffs' claims against defendants where plaintiff alleged copyright infringement in separate works in different media). This test is easy to articulate, but it is often difficult to apply. Because it does not lend itself to bright line rules, it generally requires a case by case analysis.

Lowery and Dadswell can meet the common question of fact or law easily: did the defendant improperly classify them as exempt employees under the FLSA who were not entitled to overtime pay when, in fact, they were entitled to overtime pay? The transactional relatedness requirement is more difficult to resolve.

Defendant asserts that plaintiffs' claims do not meet the transactional relatedness test required under Rule 20(a) because plaintiffs' claims are based on each plaintiff's separate work histories; *i.e.* Lowery and Dadswell had different jobs with different job duties, they were paid differently, and defendant may have different defenses to each of their claims.

This court has previously examined the transactional relatedness test under Rule 20(a) and adopted a more expansive interpretation than that advanced by the defendant and adopted by some other jurisdictions. *See [Johnson v. United Parcel Service, Inc., 2006 WL 686884 *4-*8 (E.D. Tenn. Mar. 16, 2006)](#)* (J. Collier) (unpublished) (discussing decisions adopting a narrow interpretation and decisions adopting a broad interpretation of the transactional relatedness requirement of Rule 20(a) and noting the lack of guiding precedent in the Sixth Circuit). In *Johnson*, the court held that two plaintiffs' claims brought under Title VII for a racially hostile

work environment met the transactional relatedness test where both plaintiffs alleged a pervading hostile work environment on the part of the defendant and the plaintiffs were employed during some of the same times at the same facility, they had some of the same supervisors, and they both alleged they were disciplined more harshly than white employees– even though the plaintiffs were subject to separate hostile events involving different actors. *Id.* at *5. Among other cases, the *Johnson* decision relied upon *Mosely v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974).

In *Mosely v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974), eight of ten plaintiffs alleged that the General Motors, Chevrolet Division engaged in a division wide pattern and practice of racial discrimination against Negroes in hiring, firing, promotions and other terms and conditions of employment as well as retaliating against Negroes for protesting such discrimination. Plaintiffs also alleged a division wide pattern and practice of gender discrimination in hiring. The Eighth Circuit reversed the district court's decision to sever the plaintiffs' claims stating:

> Here too, then, the plaintiffs have asserted a right to relief arising out of the same transactions or occurrences. Each of the ten plaintiffs alleged that he had been injured by the same general policy of discrimination on the part of General Motors and the Union. Since a "state wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote" was determined [by the Supreme Court in *United States v. Mississippi,* 380 U.S. 128 (1965)] to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment similarly arises out of the same series of transactions or occurrences. Thus the plaintiffs meet the first requisite for joinder under Rule 20(a).

*Id*. at 1333-34 (brackets added). The Eighth Circuit further found that "whether the Damoclean threat of a racially discriminatory policy hangs over the racial class is a question of fact common to all the members of the class." *Id*. at 1134. The Eighth Circuit concluded the district court had

8

abused its discretion in severing the plaintiffs' joined actions. Numerous other courts have followed the *Mosely* lead allowing joinder of plaintiffs whose individual claims were often different from one another but who all alleged the same pattern or practice of discrimination by the employer.

In *Mack v. J.C. Penney Co.,* 108 F.R.D. 30 (S.D. Ga. 1985), the district court found joinder proper where each plaintiff alleged a uniform discriminatory policy by the defendant:

> It is true that distinctions exist between the plaintiffs insofar as one has been discharged, two have not been hired and one remains employed by the defendant. It is also true, however, that *all* plaintiffs attack the alleged employment of a *uniform* policy of racial discrimination in the hiring, firing and promotion of black individuals in defendant's Waycross store."

*Id.* at 31 (emphasis original). The court left open, however, the possibility that it would reconsider the joinder issue if further discovery showed that the alleged discriminatory acts took place within different time frames and none of the same employees of the defendant was involved in implementing the alleged discriminatory policy. *Id.* at 32.

*King v. Raulston Purina Co.*, 97 F. R. D. 477 (W.D. N.C. 1983) was an age discrimination action brought by three plaintiffs, each of whom worked in a different division of the company in a different state. One employee alleged he was forced to retire while the other two employees were demoted. All were replaced by a younger employee. Defendant moved to sever under Rule 20 on the ground that plaintiffs failed to meet the requirements for joinder and that, even if they did, severance was required to prevent delay and prejudice to the defendant. The court denied defendant's motion stating:

> The three plaintiffs' claims are quite obviously logically related. Common sense says that claims alleged to be part of a pattern and practice satisfy both the transaction and the common question requisites of Rule 20(a). In addition, the

> policy behind the Rule would be served by joinder in this case. Each plaintiff is entitled to put on evidence of the alleged pattern and practice, and each clearly intends to do so. If the claims were severed, the same evidence, including, perhaps, the testimony of all three plaintiffs, would have to be presented in three separate trials. It is far more convenient and economical for this evidence to be heard in one trial.

*Id*. at 480 (internal citations omitted).

In *King v. Pepsi-Cola Metro. Bottling Co.,* 86 F.R.D. 4 (E.D. Pa. 1979) six plaintiffs each alleged individual instances of racial discrimination as well as an overall corporate policy of racial discrimination. Four of the plaintiffs were employed in the company's production unit while a fifth engineering unit employee was working in the production unit setting up equipment at the time of the alleged discrimination. All five employees alleged they were harassed by the same supervisor. A sixth employee was assigned to a separate department with a different supervisor. The court found joinder proper despite the fact that proof of discrimination would involve examination of the various work histories of each plaintiff because all claims centered around a central theme of a company discriminatory policy. *Id.* at 6. The court found the complexity of the case not so great that a reasonable jury could not segregate the evidence and decide the separate claims. *Id.* "For the convenience of the parties and in the interest of judicial economy," the court held all plaintiffs' claims should be tried together. *Id.*

The Eleventh Circuit in *Alexander v. Fulton County, Georgia*, 207 F.3d 1303 (11th Cir. 2000), embraced the *Mosely* decision holding that joinder of eighteen plaintiffs was proper where all were employees of the Fulton County Sheriff's Department and all alleged the Sheriff had engaged in a pattern and practice of racial discrimination occurring within the first year of the Sheriff's tenure. In so holding, the Eleventh Circuit stated:

> As for the first requirement, all of the Plaintiffs' claims stem from the same core allegation that they were subject to a systemic pattern or practice of race- based discrimination against white law enforcement officers by Sheriff Barrett in her first year in office. Plaintiffs all seek relief based on the same series of discriminatory transactions by the same decision-maker in the same department during the same short time frame. As for the second requirement, the discriminatory character of Defendants' conduct is plainly common to each plaintiff's recovery. The fact that the Plaintiffs suffered different effects--in this case, discrimination in promotions, transfers, assignments, or discipline--from the alleged policy of discrimination did not preclude the trial court from finding a common question of law and fact.

*Id.* at 1324.

The Eleventh Circuit further found, for several reasons, that the District Court had not abused its discretion in refusing to order separate trials for each plaintiff. First, the core similarities in the plaintiffs' claims minimized the potential for confusing the jury and for resulting in unfair prejudice to the defendant. *Id.* at 1325. Second, the plaintiffs' claims overlapped substantially in that they cited similar claims: *e.g.,* failure to promote, failure to consider transfers or requested assignments, discrimination in job reclassifications, and demotions. *Id.* Third, "each of the Plaintiff's claims and the evidence of discrimination undoubtedly are relevant to every other plaintiff's core allegation of systemic discrimination." *Id.* Fourth, the verdict delivered by the jury found for some plaintiffs on some claims and found for the defendants on other claims. The court surmised that the verdict, when considered in its entirety, suggested the jury discerned the strengths and weaknesses of the claims of each individual plaintiff. *Id.* at 1326.

In *Crutcher v. Kentucky*, 1992 WL 98020 * 4 (6th Cir. May 11, 1992), the Sixth Circuit, citing the Eighth Circuit's decision in *Mosely* as persuasive, held that two employees were properly joined under Rule 20(a) in an action against the same employer where both alleged

denial of promotional opportunities on the basis of race, both worked in the same office, and both had the same supervisor who allegedly told plaintiffs there were no openings when in fact whites were being recruited for positions-- even though the plaintiffs had different jobs and each suffered different effects from the alleged discriminatory conduct. *See also*, [Lee v. Dell Products, 2006 WL 2981301 *10 (M.D. Tenn. Oct. 16, 2006)](#) (holding eight plaintiffs bringing claims against same employer for a systemic pattern and practice of racially discriminatory failure to promote and train and for claims of racially motivated harassment were properly joined under Rule 20(a) even though plaintiffs did not all work at the same facility, did not have the same supervisors, and did not suffer the same effects from the discrimination.)

While the cases above have addressed racial discrimination, Rule 20(a) does not limit itself to the application of race discrimination cases, and other courts, citing *Mosely*, have recognized that a pattern or practice allegation may be sufficient to satisfy the transactional relatedness requirement in an FLSA case. *See e.g.,* [Vivda v. Osaka Health Spa, Inc., 235 F.R.D. 55, 61](#) (S.D. N.Y. 2006) (holding that plaintiffs' allegations of "repeated failure by their employer... to compensate them for the hours they worked" meets Rule 20(a)'s same transaction or occurrence requirement); [Alexander v. Wackenhut Corp., 2007 WL 1728701 * 2 (E.D. La. Jun. 12, 2007) (unpublished)](#) (security guards employed by same employer at same plant alleging failure to pay overtime in violation of the FLSA were properly joined under Rule 20(a))*;* [Kreher v. City of Atlanta, 2006 WL 739572 * 4 n. 11 (N.D. Ga. Mar. 20, 2006) (unpublished)](#) (noting pattern or practice allegations can satisfy the same transaction or occurrence requirement of Rule 20(a) in an FLSA action).

12

In the instant case, the Proposed Amended Complaint alleges "systemic" violations of the FLSA on the part of the defendant resulting in the failure to pay Lowery and Dadswell overtime due them. While there are many means by which overtime can be circumvented, *see Reed v. Mobile County School System*, 246 F. Supp.2d 1227, 1233 (S.D. Ala. 2003),[2] Lowery and Dadswell each assert the same means used to avoid paying overtime: mis-classification as exempt or salaried employees. In other words, the Proposed Amended Complaint alleges a pattern or practice on the part of WTCI to improperly classify employees in order to avoid overtime liability. They also allege they were employed during some of the same time and at the same facility. These allegations satisfy the transactional relatedness requirement of Rule 20(a). "Absolute identity of all events is unnecessary." *Mosely*, 497 F.2d at 1330.

Having concluded that the Proposed Amended Complaint meets Rule 20(a)'s requirements for permissive joinder, I also conclude that it is appropriate under Rule 15(a) to allow amendment of the present complaint. The plaintiff has not been dilatory in bringing this motion, granting it will not unduly prejudice the defendant, the motion is not futile, and plaintiff brings it in good faith.

---

[2]"[O]vertime violations may be wrought by any number of means, including but not limited to the failure of the employee or employer to document the hours worked, an instruction not to record time actually worked, or a requirement that work be performed during scheduled breaks or after hours." *Reed*, 246 F. Supp.2d at 1233.

## IV. Conclusion

For the reasons stated herein, the plaintiff's motion to amend her complaint to join Barbara Dadswell as a plaintiff in this action is GRANTED.

SO ORDERED.

ENTER:

Dated:  January 25, 2008                     s/William B. Mitchell Carter
                                             UNITED STATES MAGISTRATE JUDGE

.